IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herbert P. Worth, III, *on behalf of Virginia J. Worth*, ) ) ) Plaintiff, ) ) v. ) ) Michael J. Astrue, ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | C/A No. 0:11-1221-RBH-PJG **REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Herbert P. Worth, III, on behalf of the deceased claimant, Virginia J. Worth ("Worth"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

**ADMINISTRATIVE PROCEEDINGS**

In July 2006, Worth applied for DIB and SSI, alleging disability beginning April 15, 2001. (Tr. 132.) Worth's applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A video hearing was held on March 2, 2009, at which Worth, who was represented by David Hood, Esquire, appeared and testified. The ALJ

issued a decision on April 14, 2009 denying benefits and concluding that Worth was not disabled. (Tr. 16-22.)

Worth was born in 1947 and was fifty-three years old at the time of her alleged disability onset date. (Tr. 10, 27.) She completed two years of college and had past relevant work experience as an assistant at an optometry office, case manager for a medical insurance company, director of admissions for a nursing home, and physician's assistant at podiatry and pulmonary medical offices. (Tr. 133, 137.) Worth alleged disability since April 15, 2001 due to kidney problems, temporomandibular joint ("TMJ") disorder, seizures, and high blood pressure. (Tr. 132.)

The ALJ found as follows:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2006.

2. The claimant has not engaged in substantial gainful activity since April 15, 2001, the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: lumbago and a seizure disorder (20 CFR 404.1520(c) and 416.920(c)).
   * * *
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).
   * * *
5. . . . [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the additional limitations of no climbing of ladders and needing to avoid hazards.
   * * *
6. The claimant is capable of performing past relevant work as a physician's assistant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
   * * *

PJG

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2001 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 18-22.) On March 24, 2011, the Appeals Council denied Worth's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.



Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Worth raises the following issues for this judicial review:

I. The ALJ did not perform the analysis of the treating physician opinions required by 20 CFR § 404.1527[(c)](1)-(6), SSR 96-2p and SSR 96-5p.

II. The ALJ failed to consider all of Worth's impairments in combination and interacting as required by federal regulations and the Fourth Circuit.

III. The ALJ failed to properly evaluate the credibility of the Plaintiff.

IV. The ALJ failed to properly evaluate Worth's ability to return to past relevant work.

(Pl.'s Br., ECF No. 21.)

**DISCUSSION**

**A.     Treating Physician**

The plaintiff argues that the ALJ failed to properly evaluate the opinion of Dr. Melissa Terchek, one of Worth's treating physicians. Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of



the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

The record includes treatment notes from Dr. Terchek from September 28, 2007 through February 23, 2009. Although at times difficult to read, the notes indicate that Worth reported complaints of muscle and joint pain, including pain in her feet, ankles, lower back, right hip, hands, and wrists. (Tr. 576-87.)

In an opinion dated February 23, 2009, Dr. Terchek indicated that Worth had the following: history of joint pain, swelling and tenderness; morning stiffness; synovial inflamation; limitation of motion in joints; rheumatoid nodules; inability to ambulate effectively; and inability to perform fine and gross movements effectively. (Tr. 573.) Dr. Terchek also responded that in Worth's most recent examination, she presented with inflamation in both hands, wrists, knees, ankles, and feet. When asked to indicate the degree of involvement, if any, of any extra-articular manifestations of inflammatory arthritis, Dr. Terchek indicated that Worth's kidneys were severe secondary to medicine.[1] Additionally, Worth had symptoms of significant fatigue and malaise, but no fever or weight loss. Dr. Terchek opined that Worth was limited to standing fifteen minutes at one time; sitting thirty minutes at one time; working one hour per day; lifting twenty pounds occasionally with

---

[1] The record reveals that Worth reported that she lost one of her kidneys twenty-five years earlier due to stones. (Tr. 576.)



a risk of dropping present or ten pounds frequently; occasionally bending or engaging in gross manipulation with either hand; and never stooping, engaging in fine manipulation with either hand, or raising either arm over shoulder level. (Tr. 574.) In support of this opinion, Dr. Terchek stated that Worth had rheumatoid arthritis and lumbar degenerative disc disease/degenerative joint disease with radiculopathy. (Tr. 575.) Finally, Dr. Terchek stated that "[d]ue to her arthritis she is currently unable to manage gainful employment. Perhaps with medicine she may improve but presently she awaits approval for assistance to pay for therapy. Ms. Worth also has [chronic renal insufficiency] and [seizure] disorder which may prevent her from ever returning to the workplace." (Tr. 575.)

In giving this opinion little weight, the ALJ stated that he "found no basis for such limitations in Dr. Terche[]k's treatment notes of claimant, which, for the most part, show minimal findings upon examinations and relatively quick resolutions to her acute problems, such as limping." (Tr. 21.) In discussing some of Worth's medical records the ALJ stated the following:

> From 2007-2009, the claimant sought regular treatment with Wendy Lee, M.D. and Melissa Terche[]k, M.D., both rheumatologists, for diagnoses of diffuse arthralgias with possible rheumatoid arthritis; however, lab work never confirmed a diagnosis of rheumatoid arthritis. In addition, for the most part, on multiple examinations, the claimant did not have synovitis or effusion, she had 5/5 muscle strength in her upper and lower extremities, and she had normal neurological exams. The doctors treated the claimant with lumbar epidural injections and medications that improved her pain, as well as Ambien, which improved her sleeping. The claimant remained ambulatory, and although she complained of her need for a cane, doctors never prescribed a cane for her. In October 2007, an MRI of the claimant's lumbar spine was stable and an MRI of her left hip was unremarkable. Although the claimant limped for a few months, her condition ultimately resolved.

(Tr. 21.)

The plaintiff argues that the ALJ's decision to afford Dr. Terchek's opinion little weight is not supported by substantial evidence. Specifically, the plaintiff appears to argue that the ALJ's

discounting of Dr. Terchek's opinion was done in a cursory manner which does not comply with SSR 96-2p's requirement that the ALJ give specific reasons for his decision to discount the opinion. Further, the plaintiff appears to argue that the ALJ failed to discuss, or even mention, significant evidence that appears to support Dr. Terchek's opinion and is contrary to the evidence discussed by the ALJ. For example, the plaintiff points out that although earlier treatment notes from Dr. Terchek indicated possible rheumatoid arthritis and laboratory test results showed that her RF factor was negative, one note indicates that Worth may have had seronegative rheumatoid arthritis and later notes continued to assess Worth with rheumatoid arthritis and prescribe treatment. (See Tr. 581, 584-87; see also Tr. 581 (stating that lab work indicated a WESR of 88)). Additionally, later notes indicate swelling in Worth's ankles, the presence of synovitis, and an examination on the day of Dr. Terchek's opinion stated that synovitis was present in Worth's wrists and in her proximal and metacarpal phalangeals. (Tr. 576, 587.) Dr. Terchek also appears to have reported that Worth had a positive bone scan of her feet, ankles, wrists, and hands; herniated discs of the lumbar spine at L4-L5 and L5-S1; and mild degenerative joint disease. (See Tr. 579, 580, 582; see also Tr. 517; 526.) Finally, the plaintiff argues that the ALJ's statement that Worth experienced quick resolution to her acute problems, such as limping, is unsupported. Although Dr. Terchek's notes only specifically indicated "limp" on one treatment note, other notes contain reports that Worth had fallen due to pain in her feet; was walking with a cane; and experienced pain in her feet when walking, increased hip pain, and trouble walking. (Tr. 576, 579, 582, 584, 586, 587.)

Upon a thorough review of the record as a whole, the court cannot say that the ALJ's decision with regard to Dr. Terchek's opinion is supported by substantial evidence. As stated above, the court may not re-weigh the evidence. Craig, 76 F.3d at 589. However, while an ALJ may not be required



to discuss every piece of evidence, in this case the record reveals significant evidence not addressed or acknowledged by the ALJ that does not support the ALJ's decision. See, e.g., Seabolt v. Barnhart, 481 F. Supp. 2d 538, 548 (D.S.C. 2007) ("The ALJ is not required to discuss every piece of evidence, but if he does not mention material evidence, the court cannot say his determination was supported by substantial evidence."); see also SSR 96-2p (requiring an ALJ to give specific reasons for his decision to discount a treating physician's opinion).

**B.     Other Issues**

Reconsideration of Dr. Terchek's opinion may affect the ALJ's determination as to the subsequent steps of the sequential evaluation as well as Worth's credibility and consideration of Worth's impairments. In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Worth's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 9, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).